UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SEQUOIA SENIOR SOLUTIONS, INC.,   No. 16-11036

Debtor(s).
_____/

Memorandum and Order re Confirmation of Plan
_____

Chapter 11 debtor Sequoia Senior Solutions, Inc., has proposed a plan supported by the declaration of its CFO and Responsible Managing Officer. It has the votes necessary for confirmation. The only objection is by attorney Jason M. Erlich on behalf of Scott Russell and a putative class of others similarly situated. Erlich did not file a ballot for either Russell or the putative class.

Since no class has been certified, there is no allowed claim for the class. Until a party is deemed to have an allowed claim, it has no right to accept or reject a plan. *In re M. Long Arabians,* 103 B.R. 211, 215 (9th Cir. BAP 1989). Moreover, the debtor moved for expungement of the putative claim, independently rendering the claim disallowed for voting purposes pursuant to § 502(a) of the Bankruptcy Code.

Section 1129(a) of the Code makes confirmation of a plan mandatory if all 16 requirements listed there have been met. Since Erlich appears never to have heard of § 1129, the court must endeavor to determine if he has raised any issues precluding confirmation.

Erlich's first argument that is that "there is no justification" as to why the $1.5 million putative

1

claim should be reduced to the smaller amount specified in the plan. However, there is no requirement in § 1129(a) that dividends be any particular percentage of claims. The only requirement, in § 1129(a)(7)(A)(ii), is that creditors receive as much as they would receive if the debtor were liquidated in Chapter 7.

Erlich's second argument is that the plan cannot subordinate penalties. However, since penalties are subordinated by law in Chapter 7 cases by § 726(a)(4), it is not *per se* improper for a Chapter 11 plan to subordinate them; the test again is whether the creditor would receive more in Chapter 7.

The court finds the declaration of the debtor's CFO satisfactory to establish all the elements necessary for confirmation except that it is silent on the issue of the dividend that unsecured creditors might receive in Chapter 7. An evidentiary hearing is necessary on this issue only. The hearing will be held on May 25, 2017, at 10:00 A.M., unless the parties agree to a different date or the court orders otherwise. Direct testimony shall be by declarations filed and served at least three days before the hearing, and declarants shall be present in court for cross-examination unless the other party waived the right to cross-examine.

SO ORDERED.

Dated: May 2, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge