UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SEQUOIA SENIOR SOLUTIONS, INC.,                                  No. 16-11036

Debtor(s).
_____/

Memorandum on Motion to Expunge Class Claim
_____

Chapter 11 debtor Sequoia Senior Solutions, Inc., is in the business of supplying care giver services to elderly, disabled or infirm clients. Prior to its Chapter 11 filing, it was the defendant in a class action pending in state court. The complaint in that action alleged that Sequoia had a practice and policy of not paying its care-giver employees for time designated as "sleeptime" hours in violation of the California Labor Code, and that Sequoia failed to pay its employees proper overtime as required by recent California law.

This Chapter 11 appears to be a direct result of the state court action. Sequoia listed each employee who might be a member of the class as a creditor with a zero amount stated for the claim. None of the individuals filed claims, but Claim # 8 was filed as a class claim on behalf named claimant Scott Russell and the same putative class.

The putative class took no action in the case beyond filing the claim until Sequoia's plan came up for confirmation. It filed an objection, but never filed a motion to make Rule 7023 of the Federal Rules of Bankruptcy Procedure applicable to its claim, nor did it take any action to vote on the plan or

1

to have the claim estimated for voting purposes. The court overruled the objection, finding that the plan meets the requirements of law for confirmation. The plan provides for a fund of about $150,000.00 to be shared by allowed unsecured claims. The issue now is whether the class claim should share in this fund or whether it should be expunged so that the class representative is the only employee paid anything on account of the alleged Labor Code violations.

The court begins its analysis by finding unpersuasive Sequoia's argument that the class claim should be expunged because all of the potential members of the class were given notice of the bankruptcy and none chose to file a proof of claim. While class actions can at times result in abuses, the court here sees only a legitimate purpose to proceeding as a class on behalf of low-paid workers who individually may not realize that they have a claim and might not have the ability to articulate a claim even if told they have one.

Moreover, since the court has confirmed Sequoia's plan its total liability is capped at the amount it proposes to pay to unsecured creditors, regardless of the allowed amount of all claims. There is no longer a risk, as threatened by Sequoia in its disclosure statement, that "The projected legal and related cost of defense of the alleged class claim would, even if the Debtor prevailed on every issue, require the Debtor to liquidate and cease operation."

There is no dispute that the class claimant had never taken any action to make Rule 7023 applicable to the class claim when Sequoia made its motion to expunge the claim. The first mention of such action is contained in the opposition to the motion to expunge: "Now that the Debtor moved to expunge Russell's class proof of claim, a contested matter has arisen, and Russell invokes Rule 9014 and moves for class certification under Rule 7023 for the remaining claims." The fundamental issue for the court to decide now is whether this request is timely, or whether Sequoia is correct in its assertion that "Federal Rules of Bankruptcy Procedure require that applicability of Rule 7023 must be determined prior to filing the Class POC."

While there is authority to the contrary, the court believes that in the absence of controlling Ninth Circuit authority it should follow the Eleventh Circuit's decision in *In re Charter Co.,* 876 F.2d

2

866, 874 (11th Cir. 1989). In that case, the court held that where a putative class claim has been filed before the claims bar date the motion to invoke is timely if promptly made once an objection to the claim is raised. The court finds no inconsistency between *Charter Co.* and either *Reid v. White Motor Corp.,* 886 F.2d 1462, 1471n13 (6th Cir.1989) [the only other circuit-level published decision on the issue] or this court's decision in *In re Aughney*, 2011 WL 479010 (Bankr.N.D.Cal. 2011), aff'd sub nom. *Mortland v. Aughney*, 2011 WL 2653515 (N.D.Cal. 2011). In the former case, the motion to apply Rule 7023 was not made until well after the claim had been disallowed. In the latter, the motion was never made at all.

Having determined that the request to invoke Rule 7023 is timely, the issue becomes whether the court should exercise its discretion to allow the claim to proceed as a class claim. The court recognizes that members of an uncertified class who received actual notice of the bar date but did not file timely claims are the least favored candidates for class action treatment. *In re Musicland Holding Corp.,* 362 B.R. 644, 655 (Bkrtcy.S.D.N.Y. 2007). The court would certainly have held that the disruption to the reorganization process would have been too great to permit the class claim to vote on the plan. However, having denied the belated attempt of the putative class to cast a late ballot and having confirmed the plan, the only remaining issue for the court is whether the class, if it can be certified and has a meritorious claim, should share in the pot created by the plan. For this purpose *only,* the court sees no reason why the claim should not proceed as a class claim. Sequoia is not exposed to any greater liability than provided for in its plan, and will not be permitted to use the Chapter 11 process to entirely avoid its responsibility to pay its employees according to law.

For the foregoing reasons, the court construes the opposition to Sequoia's motion to expunge the class claim as a countermotion to make Rule 7023 applicable. The court will accordingly deny the motion to expunge and grant the countermotion to apply Rule 7023, provided that such motion is granted for the purpose of sharing in the pot created by the plan for unsecured creditors and no other purpose. The court at this time makes no ruling regarding certification of the class or the merits of the claim, and holds only that the request to apply Rule 7023 is timely and that the equities of the case

3

militate in favor of allowing the claim to be asserted on behalf of employees if the other legal requirements can be met.

    Counsel for the putative class shall submit a form of order consistent with this decision which counsel for Sequoia has approved as to form.

Dated: June 9, 2017

                                                   Alan Jaroslovsky
                                                 U.S. Bankruptcy Judge

4