

The following constitutes
the order of the court. Signed September 24, 2018

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

SEQUOIA SENIOR SOLUTIONS, INC.

Debtor.

Case No. 16-11036 CN

Chapter 11

**ORDER AWARDING COSTS**

    Class Claimant Scott Russell ("Russell") filed a motion for attorneys' fees and costs in the above-captioned Chapter 11 case on August 10, 2018. The court awarded attorneys' fees to Russell on August 31, 2018. On September 7, 2018, Russell's attorney submitted a supplemental declaration in the related Chapter 13 proceeding (Case No. 16-11020 CN) describing costs incurred in a prepetition state court lawsuit against the Debtor and its owners that was stayed when the Debtor filed a Chapter 11 petition. The court takes judicial notice of the Erlich declaration in Case No. 16-11020. Russell's state court lawsuit sought to recover damages for alleged California Labor Code violations committed by the Debtor. The claim for damages under the Labor Code also provided the basis for Russell's class claim.

    Russell cites *Renfrow v. Draper,* 232 F.3d 688 (9th Cir. 2000) in support of his motion for costs. The Plaintiff in *Renfrow* sought to recover costs incurred in a prepetition state court lawsuit arising from a marital settlement agreement with the Defendant. *Id.* at 690. The Ninth Circuit held that the Plaintiff was entitled to reasonable costs from her state court action "[i]n the absence of a countervailing federal policy against the awarding of costs." 232 F.3d at 695. The marital settlement agreement in *Renfrow* contained a provision for reimbursement of reasonable attorney's fees and

1

costs incurred in defending against attempts to collect an obligation of an ex-spouse. *Id.* at 691, n.2. In contrast, Russell does not claim to be entitled to costs under a prepetition contract. However, the court finds that Russell would have been entitled to reasonable costs under Cal. Lab. Code §218.5 had he prevailed in his state court lawsuit. Moreover, the court finds that Russell's costs would have been reasonable under Cal. Lab. Code §218.5 in the context of the litigation and that there is no countervailing federal policy against awarding costs. Accordingly, and good cause appearing,

**IT IS HEREBY ORDERED** that costs of $6,595.51 are awarded to class claimant Scott Russell.

**\* \* \* END OF ORDER \* \* \***

Case No. 16-11036 CN

**COURT SERVICE LIST**

All recipients are ECF participants

For The Northern District Of California